IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DORIAN JOSE DIAZ** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 25-cv-00086-DWD |
| | ) |
| **SPROUL,**[1] | ) |
| | ) |
| Respondent. | ) |

### ORDER

**DUGAN, District Judge:**

Petitioner Dorian Jose Diaz, an inmate of the Federal Bureau of Prisons, currently incarcerated at USP Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his sentence. Petitioner alleges that the Bureau of Prisons failed to afford him credit for time spent in federal custody.

This matter is now before the Court for preliminary review of the Petition (Doc. 1). Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

---

[1] The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. In this case, Petitioner's immediate custodian is Daniel Sproul, the Warden of USP Marion. Therefore, the Clerk of Court is DIRECTED to substitute Warden of USP Marion, Daniel Sproul, as Respondent.

The execution of a federal prisoner's sentence, including its calculation, can be challenged in a § 2241 petition. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). Without commenting on the merits of Diaz's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Diaz is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead to Diaz's Petition (Doc. 1) by **February 21, 2025**. This preliminary order to respond does not preclude Respondent from raising any objection or defense Respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: January 22, 2025

/s *David W Dugan*
_____
DAVID W. DUGAN
United States District Judge